

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# Stojkovic v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1479

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Stojkovic v. INS" (2002). *2002 Decisions.* Paper 742.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/742

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1479
_____

PETAR STOJKOVIC, et al.,

Petitioners

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 29, 2002

Before: SLOVITER, FUENTES, Circuit Judges, and DEBEVOISE, District Judge.

(Opinion Filed: November 18, 2002)
_____

OPINION OF THE COURT
_____ FUENTES, Circuit Judge:

The Stojkovics petition this Court to review the January 16, 2002, decision by the Board of Immigration Appeals ("BIA") dismissing their appeal from the Immigration Judge's denial of their motion to reopen immigration proceedings. Because the BIA did not abuse its discretion in dismissing the Stojkovics' appeal, their petition for review of the BIA's decision is denied.

I.

Petar and Marija Stojkovic are husband and wife. They, along with their son and daughter, Mile and Biljana, are natives and citizens of Serbia-Montenegro (formerly Yugoslavia). They entered the United States as visitors for pleasure in 1991, based upon valid Yugoslavian passports and United States-issued tourist visas. Their visas expired on December 11, 1991.

On June 1, 1993, Petar Stojkovic filed an asylum application, explaining that he did not want to return to his country because of the fighting between Serbians and ethnic Albanians. His asylum request was denied. On April 30, 1997, the Stojkovics submitted new asylum applications through their attorney, David Goldstein. In his second asylum application, Petar Stojkovic explained that Serbia has embarked on a course designed to control as much of the former Yugoslavia as possible, which involves brutal wars, repression of ethnic minorities, and systematic human rights abuses. (A.R. at 283) He stated that he believed that he and his family would be subject to persecution "because of [their] opposition to the present government's policies including waging and supporting ethnic wars . . ." Id.

On July 21, 1997, the Stojkovics and Mr. Goldstein appeared before an Immigration Judge for an asylum hearing. Prior to the commencement of the hearing, however, the Stojkovics withdrew their applications for asylum and instead sought voluntary departure upon the advice of Mr. Goldstein. The Immigration Judge granted the Stojkovics the privilege of voluntarily departing the United States on or before March 21, 1998. (A.R. at 130) Simultaneously, the Stojkovics' application for asylum and withholding of deportation

were withdrawn and denied by the Immigration Judge due to lack of prosecution.  Id.

On March 20, 1998, the Stojkovics, through a different attorney, Janusz Andrzejewski, filed a motion to reopen the proceedings so that they could re-apply for asylum.  They claimed that, although their motion was untimely, it should be considered because of changed country conditions in the former Yugoslavia, which present an exception to the normal time limit for filing a motion to reopen.  They also asserted ineffective assistance of counsel by Mr. Goldstein.  (A.R. at 71-129)

On April 15, 1998, the Immigration Judge issued a Decision and Order denying the Stojkovics' motion to reopen because: (1) the motion was untimely and did not state a claim of changed country conditions sufficient to warrant reopening; and (2) the ineffective assistance of counsel claim was improperly raised and could not serve as a basis for reopening the proceedings.  (A.R. at 52-53)  On May 14, 1998, the Stojkovics filed a timely notice of appeal with the  BIA.  In their appeal, the Stojkovics asserted that their motion to reopen should be considered because of the changed country conditions exception to the time bar.  They also argued that the BIA's requirements for ineffective assistance of counsel did not apply to them because their motion was based upon a "combination of events."  (A.R. at 17-20)

On January 16, 2002, the BIA dismissed the Stojkovics' appeal from the Immigration Judge's Decision and Order. The BIA adopted the Immigration Judge's finding that the Stojkovics failed to show changed country conditions material to their circumstances.  The BIA also determined that the BIA requirements for claiming ineffective assistance of counsel do apply to the Stojkovics' claim.  The Stojkovics filed a timely petition seeking this Court's review of the BIA's dismissal of their appeal.

II.

The BIA's jurisdiction over this matter derived from 8 C.F.R.  3.1(b)(3).  Because the Stojkovics' deportation proceedings commenced prior to April 1, 1997, appellate jurisdiction for review of the BIA's final decision is controlled by the former Immigration and Nationality Act ("INA"), 8 U.S.C.  1105a.

We review the BIA's dismissal of the Stojkovics' appeal for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford."  Xu Yong Lu v. Ashcroft, et al., 259 F.3d 127, 131 (3d Cir. 2001); see also INS v. Abudu, 485 U.S. 94, 110 (1988) ("[T]he reasons for giving deference to agency decisions on petitions for reopening or reconsideration in other administrative contexts apply with even greater force in the INS context."); INS v. Doherty, 502 U.S. 314, 323 (1992) ("[T]he abuse-of-discretion standard applies to motions to reopen 'regardless of the underlying basis of the alien's request [for relief].'").  "We have traditionally disfavored motions to reopen immigration proceedings for the same reason we disfavor 'petitions for rehearing and motions for a new trial on the basis of newly discovered evidence.' . . .  If anything, deportation proceedings even more disfavored because 'as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" Lu, 259 F.3d at 131 (citations omitted).

III.

Motions to reopen proceedings before an Immigration Judge normally must be filed within 90 days of the entry of the Immigration Judge's final order of removal, deportation, or exclusion.  8 C.F.R.  3.23(b)(1).  The Immigration Judge entered his final Decision and Order on July 21, 1997.  The Stojkovics filed their motion to reopen on March 20, 1998, over 200 days after the order was entered.  Their motion to reopen was, therefore, untimely.  In an effort to avoid having their motion denied as untimely, the Stojkovics made the same two arguments to the Immigration Judge, the BIA, and now to this Court.  They have argued that their ineffective assistance of counsel claim was a sufficient basis for reopening the proceedings.  In addition, they have argued that they presented sufficient material evidence of changed country conditions to warrant reopening.  We will address their arguments in turn.

A.   Ineffective Assistance of Counsel

A claim of ineffective assistance, if properly established, can constitute proper grounds for reopening a deportation proceeding.  Lu, 259 F.3d at 132.  The BIA established a three-step procedure for establishing "egregious" ineffective assistance that would justify reopening in Matter of Lozada, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988).  The Stojkovics argue that the BIA abused its discretion in applying the three-step Lozada procedure to their claim of ineffective assistance of counsel.  The Stojkovics' argument is meritless.  We found in Lu that the BIA did not abuse its wide-ranging discretion in

establishing the three-step procedure in Lozada. 259 F.3d at 131, 133. There is nothing so unique about the Stojkovics' claim as to render it exempt from the Lozada procedure.

Not only is their argument about the inapplicability of the Lozada procedure meritless, but the Stojkovics have failed to satisfy the Lozada procedure. The Lozada procedure first establishes that an ineffective assistance motion should be supported by an affidavit attesting to the relevant facts, including but not limited to a statement that sets forth in detail the agreement that was entered into with former counsel. Lozada, 19 I.& N. Dec. at 638. Second, before the allegations are presented to the BIA, former counsel must be informed of the allegations and allowed the opportunity to respond. Id. Finally, the motion should reflect whether a complaint has been filed with the appropriate disciplinary authorities regarding the allegedly ineffective representation, and if not, the reason therefor. Id.

Here, the Stojkovics failed to satisfy the second and third prongs of the Lozada procedure because they did not notify Mr. Goldstein or the proper disciplinary authority about Mr. Goldstein's allegedly ineffective representation in this matter. The Stojkovics have not provided an adequate explanation for their failure to satisfy either prong. Accordingly, the BIA did not abuse its discretion in finding the Stojkovics' ineffective assistance of counsel claim was not properly raised.

### B. Changed Country Conditions

The INA and regulatory provisions provide that there is no time limit for filing motions to reopen asylum claims based upon "changed country conditions arising in the country . . . to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. 1229a(c)(6); see also 8 C.F.R. 3.23(b)(4)(i). The Stojkovics argue that although their motion to reopen the proceedings was untimely, it should have been granted under this exception.

The Immigration Judge found that the articles submitted by the Stojkovics to support their assertion that conditions in the former Yugoslavia had recently drastically deteriorated were not relevant. He found that the articles "primarily pertain to the province of Kosovo, and not to the city of Zagubica, a different part of Serbia where the [Stojkovics], as indicated in their asylum applications, resided prior to arriving in the United States." (A.R. at 53) Immigration Judge found that although the articles clearly demonstrate unfavorable conditions for ethnic Albanians in Kosovo, they do not demonstrate that country conditions had worsened in greater Serbia. The BIA adopted the Immigration Judge's finding.

That decision was not an abuse of the BIA's discretion. There is no reason to disturb the findings of the Immigration Judge with respect to the relevance of the evidence submitted by the Stojkovics because it is supported by the record. Moreover, the evidence submitted by the Stojkovics in support of their untimely motion to reopen was available and could have been discovered or presented at the previous proceeding. See 8 U.S.C. 1229a(c)(6); 8 C.F.R. 3.23(b)(4)(i). In fact, their claims regarding the increased violence in Kosovo were substantially similar to those made in their two prior requests for asylum. Accordingly, the BIA did not abuse its discretion in adopting the Immigration Judge's finding that their motion to reopen was untimely and not within the changed country conditions exception to the time limits.

### IV.

For the foregoing reasons, we will DENY the Petition for Review of the Order of the Board of Immigration Appeals.

---

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
  Circuit Judg